**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| LAQUANDA DELANEY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:24-cv-35 |
| | ) |
| UNIVERSITY PARK REHABILITATION | ) |
| And HEALTHCARE CENTER, LLC d/b/a | ) |
| CASTLE HEALTHCARE, | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LaQuanda Delaney ("Delaney"), brings this claim against Defendant, University Park Rehabilitation and Healthcare Center, LLC d/b/a Castle Healthcare ("Defendant"), and states as follows:

## OVERVIEW

1.      This Complaint arises under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866 ("Section 1981), and under Indiana public policy.  Delaney contends that she was treated differently in the terms, privileges, and conditions of her employment because of her race and/or skin color and terminated for refusing to engage in illegal acts for which she could have suffered personal consequences.

## PARTIES

2.      Delaney was an employee as that term is defined by 42 U.S.C. 2000e(f).

3.      Defendant operates a business in Allen County, Indiana.  Defendant is an employer as defined by 42 U.S.C. 2000e(b).

1

## JURISDICTION

4.      This Court has jurisdiction over Defendant pursuant to 42 U.S.C. 2000e-5(f)(3) and 28 U.S.C. 1331, and 28 U.S.C. 1367.

5.      Plaintiff duly filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (or a state counterpart), received a dismissal and notice of suit rights, and files this Complaint within ninety (90) days of receipt thereof.

## VENUE

6.      Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in the Northern District of Indiana in Allen County.

## FACTS

7.      Defendant hired Delaney, an African American female, on or about August 15, 2024.

8.      Delaney was employed as a floor nurse.  There were discussions about promoting her to Unit Manager.

9.      Within a few days of starting her employment, a Caucasian co-worker directed Delaney to divide medications between residents in a manner that was inconsistent with state law.  Delaney refused to follow these directives.  The co-worker threatened not to train her if she failed to comply.

10.     Delaney reported this misconduct and her concern that the directive would expose her to personal liability.

11.     Almost immediately thereafter, Delaney was called into a meeting.  She was told that she was a 'good nurse', and that Defendant did not know if it could meet her expectations.

12.     Thereafter, Defendant has concocted a number a false narrative to justify terminating Delaney's employment that was inconsistent with what she was told when she was fired.

13.     Delaney has suffered financial harm as a result of Defendants' conduct.

## LEGAL COUNTS

## COUNT 1: TITLE VII DISCRIMINATION

13.     Delaney incorporates paragraphs 1 – 12 herein.

14.     Delaney was employed by Defendant.

15.     Defendant terminated Delaney when she refused to improperly administer narcotics to residents but retained the Caucasian nurse who both gave the directive and/or engaged in the inappropriate behavior.

16.     Delaney was harmed by Defendants' unlawful willful and/or reckless conduct.  Defendants violated Section Title VII.

## COUNT 2: MCCLANAHAN ACTION

17.     Delaney incorporates paragraphs 1 – 16 herein.

18.     Delaney was employed by Defendant.

19.     Defendant terminated Delaney when she refused to improperly administer narcotics to residents that would have subjected her to criminal, civil, and/or professional exposure or liability.

20.     Defendant's action violated Indiana public policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in her favor and award her the following relief:

3

    a.        An Order awarding Plaintiff lost income and other damages, including compensatory damages, as provided for by federal law;

    b.        An Order awarding Plaintiff punitive damages as provided for by federal law;

    c.        An Order awarding Plaintiff the costs of this action;

    d.        An Order awarding Plaintiff her attorney's fees;

    e.        An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 342-2799
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 342-2799
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff